### JOHN PHELPS v. CHARLES P. WHEELER.*

#### Conversion.

In trover for a horse, it was *held*, under the circumstances of the case, *q. v.*, that there was a conversion.

TROVER for a horse. The case was referred. The facts found by the referee are stated in the opinion of the court. At the September Term, 1878, the court, Ross, J., presiding, rendered judgment, *pro forma*, on the report for the plaintiff for the value of the horse with interest; to which the defendant excepted.

——— ———, for the defendant.

*L. M. Read*, for the plaintiff.

The opinion of the court was delivered by

REDFIELD, J. Action, trover for conversion of a horse. The referee reports substantially that defendant sold the mare conditionally to one Nash, and Nash paid on said purchase $50, leaving unpaid of the purchase-money $75. In that condition of the title B. T. Phelps, Nash, and the defendant met, and Nash agreed to surrender up his title to the defendant, on his promise to repay Nash said $50, and defendant sold the horse uncondition-

─────────
* Heard at the February Term, 1879.

ally to Phelps. The legal effect of this arrangement is, that Nash parted with his equitable title under his conditional purchase, and was discharged from his liability to defendant for the residue of the purchase-money, and the defendant became re-invested with the title to the horse ; and, of course, the debt being discharged, the lien upon the horse to secure the debt fell with it. Said Phelps sold the horse to his father, the plaintiff, who thereby became invested with the entire title.

The plaintiff agreed to surrender back the horse to defendant on payment of $25, and for that purpose sent the horse to Bellows Falls. There is no claim that the messenger had authority to dispose of the horse, or vary the contract that had been made between the parties. It was part of the contract that defendant might pay the $25 to plaintiff's son, B. T. Phelps. Defendant offered to apply the $25 in part payment of a claim he and his partner had against B. T. Phelps, which plaintiff's attorney, Mr. Read, refused, and required the sum to be paid in money. This the defendant refused to do, but took away the horse, and disposed of it without authority from the plaintiff or his attorney. This act of the defendant, upon these premises, was necessarily tortious, and a conversion of the horse ; and the referee has found the value of the horse to be $100.

*Judgment affirmed.*